IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED SEP 23 2014
PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

ROBERT ANTHONY BURCUM, SR., )
)
Petitioner, )
)
v. ) No. CIV 13-415-RAW-KEW
)
TRACY McCOLLUM, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, for failure to exhaust all claims. Petitioner, an inmate currently incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, challenges his conviction and sentence in Okmulgee County District Court Case No. CF-2012-76 for Escape from Arrest or Detention, After Former Conviction of Two or More Felonies (AFCF) (Count 1); Driving a Motor Vehicle While Under the Influence of Alcohol, AFCF (Count 2); Unlawful Possession of a Controlled Dangerous Substance, AFCF (Count 3); Transporting an Open Container of Beer, a misdemeanor (Count 4); Driving with License Cancelled/Suspended/Revoked, a misdemeanor (Count 5); and Obstructing an Officer, a misdemeanor (Count 6). He raises five grounds for relief:

I. Petitioner was denied his right to appeal his conviction and sentence in the state courts, when the Oklahoma Court of Criminal Appeals (OCCA) refused to allow him to file a direct appeal of his conviction and refused to appoint counsel for the direct appeal.

II. Petitioner was denied due process in the state trial court, when the trial judge removed himself from the case. All prior orders should have been null and void, including the order denying his motion to withdraw his

pleas.

III. Petitioner was denied effective assistance of trial counsel, because of a continuing conflict between petitioner and counsel. Petitioner alleges counsel:

> (1) would not challenge the jurisdiction of the trial court;
> (2) refused to challenge the admissibility of the State's evidence;
> (3) refused to challenge hearsay statements at the preliminary hearing;
> (4) refused to invoke spousal privilege;
> (5) refused to file pretrial motions;
> (6) failed to investigate the case;
> (7) failed to challenge the State's evidence;
> (8) failed to prepare for trial;
> (9) enticed petitioner into pleading guilty;
> (10) refused to file a motion of intent to appeal; and
> (11) refused to file a motion to withdraw his guilty plea, so petitioner filed it himself.

IV. Seventeen separate claims which petitioner alleges were raised in a state mandamus action. *See Burcum v. Oklahoma*, No. MA-2013-743 (Okla. Crim. App. Aug. 5, 2013):

> (1) Ineffective assistance of appellate counsel in appealing only the motion to withdraw plea denial order and refusing to appeal the conviction and sentence.
>
> (2) Abuse of discretion and fundamental error for trial judge to (a) refuse to recuse himself before sentencing, (b) conduct a hearing on motion for new trial and other motions before conviction, (c) failing to make findings of fact and conclusion of law in his orders, and (d) rule on trial motions, thereby depriving trial court of jurisdiction.
>
> (3) Trial counsel was ineffective in failing to pursue petitioner's uncontested motion for trial issues that deprived the trial court of jurisdiction and showed petitioner's actual innocence.
>
> (4) Trial court issued orders denying pretrial and post-trial motions, without due process of a hearings.

(5) Trial court failed to compel the prosecutor to comply with court rules, resulting in fundamental discrimination.

(6) The trial court denied petitioner due process in not conducting a hearing and complying with *Williams v. State*, 87 P.3d 620 (Okla. Crim. App. 2004), with respect to the Tulsa County judges.

(7) The trial court erred in denying pretrial and post-trial motions with no evidence in support of its orders.

(8) The trial court was barred from making its ruling by the doctrine of res judicata and collateral estoppel on claims that were decided by other courts.

(9) The courts have held denial of relief on procedural grounds is faulty and requires reversal.

(10) The trial court abused its discretion by allowing admission of evidence over defense counsel's objection.

(11) The trial court abused its discretion in allowing allegation of after-former convictions over defense objections and without conducting an investigation.

(12) The deprivation of discovery violated *Brady v. Maryland*, 373 U.S. 83 (1963).

(13) Newly-discovered evidence shows that trial counsel had a conflict of interest in multiple representations.

(14) The trial court lacked jurisdiction to accept a plea on any charges except for Escape, Possession, and DUI, because the preliminary hearing transcript shows those were the only charges bound over for trial.

(15) The preliminary hearing judge erred in allowing hearsay testimony from the state trooper, showing ineffective assistance of counsel, lack of jurisdiction, and abuse of discretion.

(16) The trial court abused its discretion by allowing trial counsel to

recuse himself from the case without notice to petitioner.

(17) The trial court erred in breaching the contract upon which the plea was based, which gave petitioner the unrestricted right to withdraw his plea regardless of the judge's discretion.

V. All charges resulted from an illegal stop, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968).

The respondent alleges petitioner has failed to exhaust his state court remedies on some of his claims, resulting in a "mixed" habeas corpus petition. The record shows that on September 24, 2012, the state district court accepted petitioner's guilty pleas to each charge and imposed his sentences (Dkt.10-2). On September 28, 2012, and on October 2, 3, 4, and 5, 2012, petitioner filed in the Okmulgee County District Court separate motions to withdraw his pleas. On October 2, 2012, the district court set the motion to withdraw plea for hearing to be held on October 19, 2012. On October 15, 2012, the Oklahoma Indigent Defense System notified the district court that it would be representing petitioner, pursuant to the district court's order appointing counsel for the purposes of appeal.

The hearing on the motion to withdraw the guilty pleas was held on October 19, 2012, and the district court denied the motion that same day (Dkt. 10-11). Petitioner appealed to the OCCA, raising three issues:

1. Petitioner's guilty pleas were not knowing, intelligent, and voluntary, because they were unfairly coerced, and petitioner was misled as to the full consequences of the pleas.

2. Petitioner must be allowed to withdraw his pleas, because they lacked a sufficient factual basis.

3. Cumulative error requires reversal of the district court's order.

The OCCA issued a summary opinion denying relief in *Burcum v. State*, No. C-2012-966

(Okla. Crim. App. July 24, 2013) (Dkt. 10-13).

Petitioner subsequently sought mandamus relief with the OCCA three times. On August 7, 2013, he filed a pleading captioned Petition in Error, alleging 23 separate grounds of relief, some of which he reasserts in Ground IV of this petition. The OCCA declined to exercise jurisdiction and dismissed the case, because petitioner did not include a certified copy of the trial court order or records sufficient to prove he was denied relief by the district court. *See Burcum v. State*, No. MA-2013-743 (Okla. Crim. App. Aug. 19, 2013) (Dkt. 10-15).

On August 27, 2013, he filed a petition for a writ of mandamus requesting removal of the district judge from his case and the granting of his uncontested pretrial motions because (1) the district court had refused to allow petitioner to directly appeal his guilty pleas, (2) the district court refused to allow a hearing on motions in violation of district court rules, and (3) the district court refused to assign the case to another judge for hearing (Dkt. 10-16 at 1-2). Along with the mandamus petition, he filed an Objection to Judge Ken Adair Sitting on This Case (Dkt. 10-16 at 3-4). The OCCA denied the petition for writ of mandamus and the objection, because petitioner had failed to demonstrate he had sought and been denied relief in the district court. *See Burcum v. Adair*, No. MA-2013-810 (Okla. Crim. App. Oct. 16, 2013) (Dkt. 10-17).

On August 2, 2013, petitioner filed a Motion for Appointment of Counsel for Direct Appeal (Dkt. 10-18). The state district court denied the motion on August 8, 2013, because petitioner already had appealed the denial of his motion to withdraw his guilty plea, the motion failed to comply with court rules, and the motion was patently frivolous (Dkt. 10-19). On August 29, 2013, petitioner filed a petition for a writ of mandamus, seeking permission

to proceed *pro se* to directly appeal his convictions (Dkt. 10-20). The OCCA denied the motion, finding petitioner "has previously had a certiorari appeal of those convictions and of that order denying withdrawal of the guilty pleas on which the convictions are based, [and he was] not entitled to a second appeal." *Burcum v. State*, No. MA-2013-827 (Okla. Crim. App. Oct. 16, 2013) (Dkt. 10-21 at 1).

While his certiorari appeal was pending with the OCCA, petitioner filed, all in the same case, a Petition for a Writ of Prohibition on April 23, 2013 (Dkt. 10-22); a Petition for a Writ of Mandamus on May 20, 2013 (Dkt. 10-23); and an Emergency Petition for an Injunctive Order on May 30, 2013 (Dkt. 10-24). The OCCA declined jurisdiction and dismissed the matter, because petitioner had failed to demonstrate he had sought and been denied relief in the district court. *Burcum v. Caddo County*, No. PR-2013-405 (Okla. Crim. App. June 13, 2013) (Dkt. 10-25).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction, until a state court with concurrent

power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Although petitioner maintains he has exhausted his claims, the court finds only the following claims have been exhausted:

- Ground I was raised in *Burcum v. State*, No. MA-2013-827 (Okla. Crim. App. Oct. 18, 2013) (Dkt. 10-20, 10-21).

- Ground II was raised in *Burcum v. State*, No. MA-2013-743 (Okla. Crim. App. Aug. 5, 2013) (Dkt. 10-15).

- Ground IV, Claims 1-16, were raised in *Burcum v. State*, No. MA-2013-743 (Okla. Crim. App. Aug. 5, 2013) (Dkt. 10-14). Claim 5 of Ground IV also was raised in *Burcum v. Caddo County*, No. PR-2013-405 (Okla. Crim. App. June 13, 2013) (Dkt. 10-25).

- Ground III, Claim 17 of Ground IV, and Ground V have not been exhausted.

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable

against the petitioner. See 28 U.S.C. § 2254(b)(2).

After careful review, the court finds a stay and abeyance is not warranted, because petitioner has not shown good cause for his failure to exhaust Grounds III, IV(17), and V through an application for post-conviction relief. His options for proceeding with this action are to (1) dismiss the action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss his unexhausted claims and continue with his exhausted claims, or (3) continue this case with all claims, with the knowledge that the court will dismiss this action for failure to exhaust all state court remedies.

Petitioner is granted fourteen (14) days to advise the court of the direction he intends to follow by filing **one** of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss his unexhausted claims, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the court in this order will result in dismissal of this entire action.

**ACCORDINGLY,** the respondent's motion to dismiss (Dkt. 9) is DENIED, and petitioner is directed to advise the court of his intentions for proceeding in this case within fourteen (14) days, by filing an appropriate pleading as directed by the court.

**IT IS SO ORDERED** this 23rd day of September 2014.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE